UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-256-H

STEVEN WILSON                                                                                          PLAINTIFF

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Steven Wilson, claims State Farm Mutual Automobile Insurance Company ("State Farm") acted in bad faith and delayed payment of his claim. Both parties have moved for summary judgment. The basic issue is whether State Farm acted in bad faith by delaying payment of the policy limits until it determined the exact amount of a known Medicare lien. For the reasons that follow, the Court will deny Plaintiff's motion and sustain Defendant's.

I.

The parties agree on the basic facts. On August 29, 2009, Plaintiff was the passenger of a Jeep Grand Cherokee insured by State Farm when it was involved in a collision with another vehicle. The driver of the other vehicle was at fault and uninsured. As a result of the accident, Plaintiff had significant medical bills, some of which were paid by Medicare. State Farm agreed that Plaintiff was due uninsured benefits up to the policy limits of $50,000.

State Farm attempted to determine the value of Medicare's lien and asked for permission to discuss the lien with Medicare. Plaintiff refused the request and instead asked State Farm to deposit the full policy limits in an escrow account from which the Medicare lien would be paid. Plaintiff agreed "to hold State Farm . . . harmless from any claim by Medicare." Medicare was

not involved in nor bound by this agreement. As an alternative, State Farm suggested including Medicare as a payee on the settlement check. Plaintiff rejected this request. Finally, State Farm decided to await Medicare's determination of the value of its lien and then issue separate checks to Medicare and Plaintiff.

While waiting for the information from Medicare, Plaintiff filed the instant action, claiming it was bad faith to delay payment of the $50,000 more than thirty days merely to protect Defendant from later liability to Medicare. Two months later, State Farm learned the value of the Medicare lien. The following day, State Farm paid both Medicare and Plaintiff.

II.

Plaintiff makes two claims. The first is a traditional bad faith claim under KRS 304.12-230, the statutory embodiment of common law bad faith claims. Under this statute, "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" can constitute bad faith. KRS 304.12-230(6). In addition, he asserts a separate claim under KRS 304.12-235, which requires that "[a]ll claims arising under the terms of any contract of insurance shall be paid to the named insured person or heath care provider not more than thirty (30) days from the date upon which notice and proof of claim, in the substance and form required by the terms of the policy, are furnished the insurer." KRS 304.12-235(1).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In this case, the

parties only dispute the relevance of the facts to the applicable law.

III.

To have acted in bad faith, an insurance company must (1) have an obligation to pay the claim at issue; (2) not have a reasonable basis for failing to pay the claim; and (3) know that it lacked a reasonable basis to delay payment or act in reckless disregard to the existence of that basis. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (quoting *Fed. Kemper Ins. Co. v. Hornback*, Ky., 711 S.W.2d 844, 846-47 (Ky. 1986)).[1] The parties dispute whether State Farm had a reasonable basis to delay payment.

Mere delay of payment alone does not constitute bad faith. *Motorist Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997). Furthermore, Kentucky law suggests that an insurer has not acted in bad faith if the reason for denying payment was "fairly debatable as to either the law or the facts." *Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Serv. Inc.*, 880 S.W.2d 886, 890 (Ky. Ct. App. 1994). In fact, "[b]efore the cause of action exists in the first place, there must be evidence sufficient to warrant punitive damages . . ." *Wittmer*, 864 S.W.2d at 890. In other words, bad faith is outrageous conduct because State Farm had either an evil motive or reckless indifference to others' rights. *Id*. (quoting Restatement (Second) Torts, Sec. 909(2) (1979)).

It appears that Plaintiff has the primary responsibility to repay Medicare. 42 C.F.R. § 411.24(h). However, State Farm is absolutely liable to Medicare should Plaintiff not satisfy the

---

[1]Plaintiff also argues Defendant acted in bad faith because Defendant violated KRS 304.12-235(1) in that payment occurred more than thirty days after Wilson submitted his claim to State Farm. However, "there can be no private cause of action [for bad faith] for mere 'technical violation' of the UCSPA [Unfair Claims Settlement Practices Act]." *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997)(quoting *Wittmer*, 864 S.W.2d at 890).

3

Medicare lien from his settlement funds. 42 C.F.R. §411.24 (i)(1) (stating "If Medicare is not reimbursed . . ., the primary payer must reimburse Medicare even though it has already reimbursed the beneficiary or other party."). Moreover, State Farm may have an obligation to protect Medicare's lien under the Medicare Secondary Payer Act and its corresponding regulations. *See* 42 U.S.C. § 1395y(b)(2) and 42 CFR § 411.24(i)(1). For State Farm to consider these obligations seems responsible.

Kentucky courts have not addressed this particular issue in the context of a bad faith claim. However, several courts have found it reasonable to include Medicare as a payee on a settlement check. *Lewis v. Allstate Ins. Co.*, No. 09-05-225-CV, 2006 WL 665790 (Tex. App. March 16, 2006) and *Wall v. Leavitt*, Civ. No. S-05-2553 FCD GGH, 2008 WL 4737164, at *8 (E.D. Ca. Oct. 29, 2008) (stating that "it is only through the exercise of an extreme formalism, even stubbornness, that the Secretary can state that Medicare is not 'required' to be named as a payee on third-party settlement checks in a situation where the settlement check will be issued prior to an initial determination"). Certainly, where the Medicare lien is determinable, State Farm had sound reasons to try to determine the amount of it and take reasonable precautions to protect itself from overpayment.[2] Moreover, for State Farm to suggest including Medicare as a co-payee was certainly reasonable.

Plaintiff argues that State Farm acted in pure self interest and that such overriding self interest coupled with the delayed settlement payment could constitute bad faith. The Court concludes, however, that to comply with federal law and to protect its own legitimate interest

---

[2] In a slightly different circumstance, the Kentucky Supreme Court has said that in a first party claim an insured's willingness to settle on a reasonable basis is a precondition to a bad faith claim. *See Motorist Mut. Ins. Co.*, 996 S.W.2d at 455.

against overpayment is reasonable and certainly is not in bad faith. Defendant did not delay payment in order to pay less or harass Plaintiff. *Motorists Mut. Ins. Co.,* 996 S.W.2d at 452-453 (stating that "there must be proof or evidence supporting a reasonable inference that the purpose of the delay was to extort a more favorable settlement or to deceive the insured with respect to the applicable coverage"). While it may serve Defendant's self interest to comply with federal law, such action was not bad faith, especially when Plaintiff apparently refused to cooperate with Defendant's attempts to pay the claim more quickly.[3]

These undisputed facts cannot constitute bad faith on State Farm's part.

IV.

Next, Plaintiff attempts to assert a separate claim under KRS 304.12-235. In addition to payment of the claim amount, this statute allows for twelve percent interest on the value of the final settlement"[i]f an insurer fails to make a good faith attempt to settle a claim within the time prescribed" and reasonable attorney's fees "[i]f an insurer fails to settle a claim within the time prescribed . . . and the delay was without reasonable foundation." KRS 304.12-235(2) and (3). Plaintiff might have a lower burden under this statute. *See United Servs. Auto Ass'n v. Bult,* 183 S.W.3d 181, 190 n. 9 (Ky. Ct. App. 2006) (stating that KRS 304-230 has a "much higher burden of proof" than KRS 304.12-235) and *FB Ins. Co. v. Jones,* 864 S.W.2d 926, 929 (Ky. Ct. App. 1993) (stating that "KRS 304.12-235 appears to be intended as a prod to prevent laxity in the

---

[3] Plaintiff has cited to a Pennsylvania state court opinion that is neither binding nor on point. *Zaleppa v. Seiwell*, 9 A.3d 632, 639 (Pa. Super. Ct. 2010). Though this case decided "that the MSPA . . . prohibits private entities from asserting the interests of the United States government in a post-trial motion or any other phase of the litigation," that court was presented with a post-trial motion seeking to add Medicare as a payee on the judgment when no evidence of Medicare payments had been presented. Though the decision speaks broadly of the inability of an individual or company to assert Medicare's rights, the opinion does not even remotely address the notion that an insurance company acts in bad faith in considering a Medicare lien during settlement. Furthermore, a Florida appellate court came to a contrary conclusion, requiring Medicare be notified of the settlement and receive the portion of settlement it is due. *Pollo Operations, Inc. v. Tripp*, 906 So.2d 1101, 1105-06 (Fla. Dist. Ct. App. 2005).

5

adjustment of claims. KRS 304.12-230, however, speaks out against more egregious behavior."). Defendant suggests that it did not receive a complete "proof of claim" until it knew the value of Medicare's lien. Since State Farm paid both Plaintiff and Medicare the day after it received notice of the value of Medicare's lien, State Farm believes it acted well within the statutory guidelines. For all the reasons stated in Section III, State Farm's delay in payment does not constitute bad faith, and, in fact, its multiple attempts to speed settlement suggest just the opposite. Defendant had a "reasonable foundation" to delay settlement by seeking assurances concerning the amount and payment of the lien.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that State Farm's motion for summary judgment is SUSTAINED and the complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Wilson's motion for summary judgment is DENIED.

This is a final order.

cc: Counsel of Record